UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD V. CHARLES,<br>CDCR #K-89149,<br><br>Plaintiff,<br><br>vs.<br><br>S. AMADOR, Captain, et al.,<br><br>Defendants. | Case No.  25cv1475-TWR (JLB)<br><br>**ORDER DISMISSING WITHOUT PREJUDICE CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1)**<br><br>(ECF No. 1) |

On June 4, 2025, Plaintiff Leonard V. Charles, a state inmate incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the District Court for the Eastern District of California, which transferred it to this Court.  (ECF Nos. 1, 2.)  On June 24, 2025, the Court dismissed the case without prejudice for failure to satisfy the filing fee requirement.  (ECF No. 5.)  Plaintiff has now paid the civil filing fee.  (ECF No. 6.)  For the reasons below, the Court **DISMISSES WITHOUT PREJUDICE** the Complaint and **GRANTS** Plaintiff leave to amend.

**SCREENING PURSUANT TO 28 U.S.C. § 1915A**

**I.      Standard of Review**

The Court must conduct an initial review of the Complaint under 28 U.S.C. § 1915A,

- 1 -

which "mandates early review—'before docketing [ ] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (quoting 28 U.S.C. § 1915A(a)) (alterations in original). "'On review, the court shall . . . dismiss the complaint, or any portion of the complaint,' if it '(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.'" *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

Screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "The Rule 12(b)(6) standard requires a complaint to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.*, quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

## II.   Allegations in the Complaint

Plaintiff alleges that on June 15, 2024, he asked Defendant RJD Correctional Officer San Miguel to remove him from D. Facility due to safety concerns. (ECF No. 1 at 3.) San Miguel handcuffed Plaintiff in his cell and took him to a secure cell in the D. Yard gym. (*Id.*) San Miguel returned several hours later, interviewed Plaintiff, and told Plaintiff he could not leave the yard because Defendant Correctional Officer Rodriguez "told him I had to snitch on someone in order to go to the hole for protection." (*Id.*) Plaintiff told

25cv1475-TWR (JLB)

Rodriguez he "was a spice dealer," and was taken to the Administrative Segregation Unit ("AdSeg"). (*Id*.) During Plaintiff's "114 lockup review," Defendant Captain Amador "threatened me saying if I didn't go to the yard she would insure I would receive a CDCR 115 for behavior leading to violence." (*Id*.) Plaintiff refused "because I was afraid to be jumped on for leaving." (*Id*.) "Weeks later" Plaintiff received a CDCR 115 charging him with behavior leading to violence and was given a hearing by Defendant Martinez who found him guilty. (*Id*.) Plaintiff's appeal was granted, and the charge was dismissed. (*Id*.) Attached to the Complaint as exhibits are documents relating to the disciplinary proceeding and an inmate grievance. (*Id*. at 8–13.) Plaintiff stated in his grievance that his safety concern arose from witnessing an inmate assault another inmate while "staff did nothing," that as a result of his AdSeg placement a rumor had started that he was a snitch which placed him in danger on the yard, and that as a result he was transferred to Corcoran State Prison and then returned to RJD where he did not receive his property for four months. (*Id*. at 13.) His guilty finding was reversed because RJD staff did not carry their burden of proving the charge, and his grievance was denied because Plaintiff did not prove he had been coerced into admitting he was a spice dealer. (*Id*. at 8–11.)

Plaintiff claims that "I wasn't supposed to spend time in confinement for punishment this Cpt. Amador retaliated and used every officer to punish me under the color of law thus violating my civil rights guaranteed by the constitution." (*Id*. at 3.) He claims that "the actions of these officials was corrupt by coercion to put me in harms way if I did not give information. I was written up found guilty made to spend time in AdSeg long[er] than needed then transferred to CSP [Corcoran] and denied my property for 4 months." (*Id*.)

**III.   Discussion**

The court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010), citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985), although it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of*

25cv1475-TWR (JLB)

*Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Under a liberal construction of the Complaint, Plaintiff appears to be attempting to present claims under the First, Eighth and Fourteenth Amendments for retaliation, due process violations and cruel and unusual punishment arising from being forced to go through disciplinary proceedings which caused him to unnecessarily spend time in AdSeg and be temporarily transferred to another prison resulting in a temporary deprivation of his property, all in retaliation for refusing to return to the yard where he had safety concerns arising from witnessing an inmate assault.

### A.    *Retaliation Claim*

Plaintiff alleges Defendants charged him with a disciplinary infraction, placed him in AdSeg, and transferred him to and from Corcoran in retaliation for refusing to go back to the yard where he had safety concerns.  (ECF No. 1 at 3.)  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (2005) (footnote omitted). Plaintiff must also allege a retaliatory motive, that is, a causal connection between the adverse action and his protected conduct.  *Watison*, 668 F.3d at 1114.

Plaintiff has plausibly alleged an adverse action was taken against him.  *See Hines v. Gomez*, 108 F.3d 265, 268–69 (9th Cir. 1997) (disciplinary charge may constitute adverse action); *Rhodes*, 408 F.3d at 568 (confiscation of property and initiation of a prison transfer may constitute adverse action).  Plaintiff has not, however, set forth any factual allegations which plausibly allege any Defendant acted with a retaliatory motive.  *Rhodes*, 408 F.3d at 567 (stating a plaintiff must allege adverse action was "because of" his protected conduct).  Retaliation cannot be established simply by showing adverse action took place after protected activity, as there must be a nexus between the two.  *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000).  Timing may be considered circumstantial evidence of retaliatory intent, but "timing alone is insufficient" to support

an inference that prison officials took an adverse action against a prisoner in retaliation because of a prisoner's participation in protected conduct. *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995). The Complaint includes no factual allegations plausibly showing any retaliatory motive by any Defendant, as Plaintiff does not plausibly allege that Defendant Amador's threat to file a disciplinary action when he refused her order to return to the yard was the reason the disciplinary charge was filed "weeks later," or was the reason for his transfer. Speculation of retaliatory motive is insufficient to give rise to a claim for relief. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) ("[M]ere speculation that defendants acted out of retaliation not sufficient [to state a claim].")

### B. Due Process

To the extent Plaintiff alleges a violation of due process arising from the disciplinary charge, his transfer, or the temporary loss of his property, he has failed to state a claim. "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (and) (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). A protected liberty interest arises for a prisoner "when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Plaintiff has not plausibly alleged he was deprived of a protected liberty interest with respect to his stay in AdSeg. In determining whether an atypical and significant hardship occurred, courts look to the conditions of confinement in AdSeg, the duration of the stay there, and whether the sanction will affect the duration of the prisoner's sentence. *See Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996). There are no allegations regarding the conditions in AdSeg or the length of his stay to support a due process violation. With respect to the transfer, prisoners have no due process right to placement in any particular prison, to any security classification, or to any particular housing assignment. *Olim v.*

*Wakinekona*, 461 U.S. 238, 245 (1983); *see also Meachum v. Fano*, 427 U.S. 215, 225 (1976) (finding no liberty interest protected by the Due Process Clause is implicated in a prison's classification and transfer decisions). To the extent he contends the disciplinary charge was wrongfully issued, "a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports." *Buckley v. Gomez*, 36 F.Supp.2d 1216, 1222 (S.D. Cal. 1997); *see also e.g. Gadsden v. Gehris*, No. 20cv0470-WQH (DEB), 2020 WL 5748094, at *8 (S.D. Cal. Sep. 25, 2020) ("The allegations of the filing of false disciplinary charges by itself does not state a claim under 42 U.S.C. § 1983 because federal due process protections are contained in the ensuing disciplinary proceedings themselves.") The temporary taking of his property also fails to state a due process claim because the deprivation of property by a person acting under color of state law does not constitute a due process violation if a meaningful state post-deprivation remedy is available, *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), and California provides an adequate post-deprivation state remedy through its Government Claims Act. *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (per curiam) (citing Cal. Gov. Code §§ 810–895).

### C.    *Eighth Amendment*

Finally, to the extent Plaintiff claims the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by housing him in AdSeg for refusing to return to the yard where he felt unsafe, the Complaint fails to state a claim. "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment,'" and requires that "a prison official must have a 'sufficiently culpable state of mind,'" that is, "one of 'deliberate indifference' to inmate health or safety." *Id.*, quoting *Wilson*, 501 U.S. at 297, 302–303. The prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of

serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff does not describe the conditions under which he was confined in AdSeg, nor does he plausibly allege any Defendant was aware of facts from which an inference could be drawn that the conditions in AdSeg or on the yard posed an excessive risk to his health or safety and disregarded that risk. Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *see also Iqbal,* 556 U.S. at 678 (the "mere possibility of misconduct" falls short of meeting the plausibility standard).

## CONCLUSION

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** this civil action based on Plaintiff's failure to state a claim upon which Section 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). Further, in light of his pro se status, the Court **GRANTS** Plaintiff leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). Plaintiff **SHALL FILE** a First Amended Complaint <u>within 60 days of the electronic docketing date of this Order.</u>

**IT IS SO ORDERED**.

Dated:  March 16, 2026

Honorable Todd W. Robinson
United States District Judge

25cv1475-TWR (JLB)