UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LEONARD V. CHARLES,
CDCR #K-89149,

Plaintiff,

vs.

S. AMADOR, Captain, et al.,

Defendants.

Case No. 25-CV-1475-TWR (JLB)

**ORDER DISMISSING SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915A(b)(1) WITHOUT FURTHER LEAVE TO AMEND**

Plaintiff Leonard V. Charles, a state inmate incarcerated at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se with this civil action pursuant to 42 U.S.C. § 1983. On March 16, 2026, the Court dismissed Plaintiff's Complaint for failure to state a claim. (ECF No. 7.) Plaintiff was notified of the deficiencies of his pleading and granted leave to amend. (*Id*. at 3–7.) Plaintiff then filed a First Amended Complaint (*see* ECF No. 8), which the Court also dismissed for failure to state a claim. (ECF No. 9.) Plaintiff was again notified of the deficiencies of his pleading and given a final opportunity to amend. (*Id*. at 5–11.) Plaintiff has now filed a Second Amended Complaint. (*See* ECF No. 10.)

## SCREENING PURSUANT TO 28 U.S.C. § 1915A

### I. Standard of Review

The Court must conduct an initial review of the Second Amended Complaint under 28 U.S.C. § 1915A, which "mandates early review - 'before docketing () or () as soon as practicable after docketing' - for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (quoting 28 U.S.C. § 1915A(a)). "'On review, the court shall . . . dismiss the complaint, or any portion of the complaint,' if it '(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.'" *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)).

Screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "The Rule 12(b)(6) standard requires a complaint to 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### II. Allegations in the Second Amended Complaint

Plaintiff alleges that on June 15, 2024, he informed Defendant RJD Correctional Officer San Miguel "that he feared for his safety and had safety concerns because of inmate Taylor and Blood gang associates." (ECF No. 10 ("SAC") at 1.) Plaintiff was in his cell

at the time and asked Defendant San Miguel "for protective status and to be housed in AdSeg." (*Id.*) While in AdSeg, during his custody review, he told Defendant Captain Amador "that he feared for his safety and had safety concerns on D Facility due to the threatening behavior and violence Inmate Taylor and the Blood STG he had with on the yard." (*Id.* at 2.) Plaintiff repeatedly told Defendants San Miguel and Amador that he feared he would be assaulted if he returned to D Facility, "and was told by staff he would be returned if he did not give up information in order to remain in AdSeg." (*Id.*) Plaintiff was found guilty of a rules violation for behavior leading to violence issued by Defendant San Miguel at the direction of Defendant Amador "as a means of retaliation." (*Id.*) Plaintiff also alleges Defendant Amador initiated retaliatory cell searches depriving Plaintiff of personal property "as a controlled means to cover up mistreatment under the color of law." (*Id.*) Plaintiff alleges he twice spoke with Defendant Sergeant Meza about his property after the cell searches, once about the property taken in the searches and once about it taking four months for his property to arrive when he was transferred to RJD and about what Defendant Amador had said about Plaintiff having "snitched on them about his property." (*Id.*)

## III. Discussion

In the prior version of his complaint Plaintiff identified the claims he sought to raise, including violations of his First Amendment right to be free from retaliation, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment right to due process. (*See* ECF No. 8 at 3–5.) The Second Amended Complaint does not identify any claims Plaintiff seeks to raise. (*See* generally SAC.) As noted in the original dismissal order, the Court has an obligation to liberally construe pro se pleadings, especially with respect to which claims are raised, and will do so with the SAC. (*See* ECF No. 7 at 3–4.)

### *A. Due Process*

Plaintiff previously claimed he was denied due process in connection to (1) his placement in the restricted housing unit pending disciplinary proceedings after being

coerced into falsely claiming to be a spice dealer as the only way available to avoid being sent back to D Facility where he feared assault by other inmates, (2) placement in the restricted housing unit pending disciplinary proceedings apparently arising from suspicion of being a spice dealer on E Facility, (3) his placement or retention on D Facility and attempted transfer to another prison, and (4) the deprivation and destruction of his personal property. (ECF No. 8-1 at 4–15.) He now appears to claim a due process violation as to the deprivation of his personal property, his retention on D Facility, and the filing of the disciplinary charge. (ECF No. 10 at 1–2.)

"To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (and) (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). A protected liberty interest arises for a prisoner "when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

To the extent Plaintiff once again alleges that the disciplinary charge was false, he fails to state a claim because "a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports." *Buckley v. Gomez*, 36 F.Supp.2d 1216, 1222 (S.D. Cal. 1997); *see also e.g. Gadsden v. Gehris*, No. 20-CV-0470-WQH (DEB), 2020 WL 5748094, at *8 (S.D. Cal. Sep. 25, 2020) ("The allegations of the filing of false disciplinary charges by itself does not state a claim under 42 U.S.C. § 1983 because federal due process protections are contained in the ensuing disciplinary proceedings themselves.") In any case, the Court previously found that because Plaintiff indicated both charges were dismissed, he could not plausibly allege a due process violation arising merely from the filing of the disciplinary charges. (*See* ECF No. 9 at 6.)

Further, as noted in the Court's prior dismissal order, Plaintiff's allegation regarding

deprivation of his personal property fails to state a due process claim because the deprivation of property by a person acting under color of state law does not constitute a due process violation since California provides an adequate post-deprivation state remedy through its Government Claims Act. (*See id*. at 6–7.) The Court also noted that Plaintiff failed to state a due process claim regarding his retention on D Facility or his AdSeg stay. (*Id*. at 7 (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (finding no liberty interest protected by the Due Process Clause is implicated in a prison's classification and transfer decisions and *Sandin*, 515 U.S. at 487 (holding that an inmate placed in disciplinary segregation in a secured housing unit for 30 days had no cognizable due process claim because he had no liberty interest in being free from such confinement)).)

Plaintiff's SAC has not cured any of those pleading deficiencies. Thus, Plaintiff's due process claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

***B. Eighth Amendment***

The first requirement for a claim that a prison official violated the Eighth Amendment is that the deprivation alleged must be, objectively, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)) (internal quotations omitted). "Only the unnecessary and wanton infliction of pain implicates the Eighth Amendment" and requires that "a prison official must have a 'sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 297, 302–03). Specifically, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Only deprivations denying the minimal civilized measure of life's necessities violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The Court previously informed Plaintiff that his allegations of temporary deprivation of warmth, sanitation, food, and water during his brief stays in the restricted housing unit

do not plausibly allege constitutional violations. (*See* ECF No. 9 at 8.) He was also notified that he failed to plausibly allege any Defendant was aware of facts from which an inference could be drawn, or drew an inference, that the conditions in the segregated housing unit or on the yard posed an excessive risk to his health or safety and disregarded that risk. (*Id*. at 8–9.) Further, he was notified that he failed to present any allegations any Defendant was aware he was in danger of assault by another inmate and "disregard[ed] that risk by failing to take reasonable measures to abate it." (*Id*. at 8–9 (quoting *Farmer*, 511 U.S. at 847).)

Plaintiff's SAC has not cured those pleading deficiencies. Accordingly, Plaintiff's Eighth Amendment claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

### ***C. Retaliation Claim***

Plaintiff alleges he was found guilty of a rules violation for behavior leading to violence issued by Defendant San Miguel at the direction of Defendant Amador "as a means of retaliation." (ECF No. 10 at 2.) He also alleges Defendant Amador initiated retaliatory cell searches which deprived him of personal property "as a controlled means to cover up mistreatment under the color of law." (*Id*.) Plaintiff alleges he spoke with Defendant Meza about his property, including "what was said by [Defendant] Amador saying Plaintiff snitched on them about his property." (*Id*.)

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (2005) (footnote omitted). A prisoner must also allege a retaliatory motive, that is, a causal connection between the adverse action and protected conduct. *Watison*, 668 F.3d at 1114; *see also Rhodes*, 408 F.3d at 567 (stating a plaintiff must allege adverse action was "because of" his protected conduct).

Plaintiff has plausibly alleged an adverse action was taken against him. *See Hines*

*v. Gomez*, 108 F.3d 265, 268–69 (9th Cir. 1997) (disciplinary charge may constitute adverse action); *Rhodes*, 408 F.3d at 568 (confiscation of property and initiation of a prison transfer may constitute adverse action). However, Plaintiff has once again failed to set forth facts which plausibly allege any Defendant acted with a retaliatory motive. Retaliation cannot be established simply by showing adverse action took place after protected activity, as there must be a nexus between the two. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000). Timing may be considered circumstantial evidence of retaliatory intent, but "timing alone is insufficient" to support an inference that prison officials took an adverse action against a prisoner in retaliation because of a prisoner's participation in protected conduct. *Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995).

The allegations in the SAC are entirely conclusory regarding retaliation; Plaintiff alleges he was found guilty of a rules violation "as means of retaliation," that the cell searches were "retaliatory" and conducted "as a controlled means to cover up mistreatment under the color of law," and that he spoke with Defendant Meza about what Defendant Amador had said about Plaintiff having "snitched on them about his property." (ECF No. 10 at 2.) As Plaintiff was previously instructed, (*see* ECF No. 9 at 10–11), mere speculation of retaliatory motive is insufficient to give rise to a claim for relief. *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) ("[M]ere speculation that defendants acted out of retaliation is not sufficient [to state a claim].") Accordingly, Plaintiff's vague and conclusory allegations are insufficient to state a claim. *See Iqbal,* 556 U.S. at 678 (noting that a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and the "mere possibility of misconduct" falls short of meeting this plausibility standard.)

Plaintiff's SAC fails to cure the pleading deficiencies of a First Amendment retaliation claim. Thus, Plaintiff's retaliation claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## II. CONCLUSION

In light of the foregoing, the Court **DISMISSES** this civil action based on Plaintiff's

failure to state a claim upon which Section 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). Additionally, because Plaintiff has consistently failed to cure the pleading defects of his claims and it is now clear he is unable to do so, the action is dismissed without further leave to amend. *See Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend). The Clerk of Court **SHALL ENTER** a final judgment accordingly and **SHALL CLOSE** the file.

**IT IS SO ORDERED**.

Dated: September 2, 2026

Honorable Todd W. Robinson
United States District Judge